**IT IS ORDERED as set forth below:**

**Date: November 19, 2018**

*Paul Baisier*

_____
**Paul Baisier
U.S. Bankruptcy Court Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| In re: | CASE NUMBER |
| **WILLIAM H. STUART,** | 18-60730-PMB |
| Debtor. | CHAPTER 11 |
| **ENDOVER PALISADES, LLC A/K/A THE PALISADES AT WEST PACES, INC., A GEORGIA LIMITED LIABILITY COMPANY,** | |
| Movant, | CONTESTED MATTER |
| v. | |
| **WILLIAM H. STUART,** | |
| Respondent. | |

**ORDER ON ENDOVER PALISADES, LLC'S MOTION FOR RELIEF
FROM AUTOMATIC STAY REGARDING LEVY ON NON-DEBTOR REAL ESTATE**

Before the Court is a *Motion for Relief from Automatic Stay, and Brief in Support, Regarding Movant's Levy on Non-Debtor Real Estate* (Docket No. 36)(the "Motion") filed by the

above-named Movant (the "Movant"), on August 29, 2018.  In the Motion, Movant seeks, out of an abundance of caution, relief from the automatic stay of 11 U.S.C. § 362(a) to proceed with a judgment levy against real property not owned by the Debtor referenced above (the "Debtor") or by his bankruptcy estate.[1]  Specifically, Movant asserts in the Motion that it is a judgment creditor of the Debtor by virtue of a judgment it obtained against the Debtor in the State Court of Fulton County, Georgia on June 28, 2011 (the "Judgment").[2]  Movant contends that the current balance owing on the Judgment is $892,335.56.[3]  Movant states in the Motion that, upon the recording of a writ of fieri facias regarding the Judgment (the "FiFa") on August 1, 2011 (the "Recording Date") on the General Execution Docket of the Clerk, Fulton County Superior Court,[4] a lien attached to certain real property located at 3200 Downwood Circle, N.W., Unit 550, Atlanta, Georgia (the "Property"), which was owned by the Debtor on the Recording Date.

Movant further contends that the Debtor transferred the Property by limited warranty deed to an entity called The Multiple Sclerosis Center of Georgia, Inc. ("MSCG") on December 21, 2016, (the "Transfer"),[5] after the Recording Date and prior to the date the Debtor filed this bankruptcy case on June 28, 2018 (the "Petition Date").  In the Motion, Movant seeks relief from

---

[1] In the Motion, Movant explains that it had previously contacted the levying agent for Fulton County, Georgia (where the Property is located) regarding its intent to levy on the Property.  Movant states that the attorney representing the levying agent refused to initiate a levy on the Property without an order from this Court lifting the automatic stay to permit the levy.

[2] *See* Ex. A to the Motion, p. 10 of 36.

[3] Movant has filed a proof of claim regarding the Judgment, Claim. No. 6.  According to that proof of claim, the current balance of the Judgment is $889,111.78.  The precise amount of the claim is not relevant for the purposes of this Order.

[4] *See* Ex. B to the Motion, pp. 12-13 of 36.

[5] *See* Ex. G to the Motion, pp. 27-33.

2

the automatic stay to levy on the Property to satisfy the Judgment. Movant asserts that, because the Property is located in Fulton County, Georgia, it was subject to the lien created by the entry of the Judgment and the recording of the FiFa. Accordingly, Movant contends that MSCG took the Property subject to that lien, such that the Judgment and FiFa constitute a valid and enforceable judgment lien against the Property, now owned by MSCG.[6]

As to the effect of the automatic stay, Movant first argues that the automatic stay of 11 U.S.C. § 362(a) does not apply to its levy on the Property because the Property is not property of the Debtor or property of the bankruptcy estate. Movant further contends that levying on the Property does not implicate a claim against the Debtor; rather such an action solely affects MSCG and the Property itself, neither of which is protected by the automatic stay in this case. Said differently, Movant asserts that because the Property is not owned by the Debtor, but was transferred to another entity more than eighteen (18) months prior to the Petition Date, the automatic stay does not operate to prevent a levy on the Property.

To the extent the automatic stay does apply to Movant's request to levy on the Property, Movant argues that relief from the automatic stay pursuant to 11 U.S.C. § 362(d) is appropriate. First, Movant contends that, under Section 362(d)(2), the Debtor has no interest in the Property— and thus has no equity in the Property— and that the Property is not necessary for an effective organization because the Debtor does not own it. Further, Movant contends that "cause" exists pursuant to 11 U.S.C. § 362(d)(1) to lift the stay because the Debtor has no interest in the Property, such that continuation of the stay as to the Property serves no bankruptcy purpose. Thus, Movant

---

[6] No party disputed any of these allegations at the Hearing.

3

contends that it is entitled to stay relief to levy on the Property under either Section 362(d)(1) or (2).

A hearing was held on the Motion on September 24, 2018 (the "Hearing").  Counsel for Movant appeared at the Hearing in support of the Motion, and counsel for the Debtor appeared in opposition.  An attorney also appeared for both MSCG and Signature Bank of Georgia[7] at the Hearing in opposition to the Motion.

At the Hearing, Movant initially reiterated the facts of this case and those underlying the Judgment.  Movant also noted that, pursuant to a proof of claim filed in this case on September 12, 2018, later amended on September 19, 2018, it holds a claim against the Debtor in the amount of $889,111.78 by virtue of the Judgment.  *See* Claims Register, Claim No. 6.  Movant also renewed its arguments made in the Motion, specifically citing to *In re Everchanged, Inc.*, 230 B.R. 891 (Bankr. S.D. Ga. 1999) for the proposition that the automatic stay does not apply to property that is neither property of the Debtor nor property of the bankruptcy estate.  Movant argued at the Hearing that, because it seeks to pursue an *in rem* action against the Property and not an *in personam* action against the Debtor, and because the Property is not property of the estate, such *in rem* enforcement rights do not implicate the automatic stay of Section 362(a).

In the alternative, Movant asserted that even if the automatic stay applies to a levy on the Property, cause exists under Section 362(d) for lifting the stay to permit such action.  For that proposition, Movant cited to *In re Ohuche*, 2013 WL 937571 (Bankr. N.D. Ga. Feb. 5, 2013),

---

[7] Counsel asserted that Signature Bank holds a security deed on the Property, and that she was engaged to represent MSCG through its title insurance policy.

4

stating that where a debtor has no interest in the property and such property is not property of the estate, cause exists for lifting the stay under 11 U.S.C. § 362(d).

The Debtor, through his counsel, first explained at the Hearing the Debtor's connection to MSCG. Based on those undisputed representations, the Debtor is the founder of MSCG, and currently works for the non-profit entity as both a medical practitioner and director. The Debtor's counsel also explained that, at the time of the Transfer in December 2016, the title examiner overlooked the FiFa, which resulted in the Property being transferred to MSCG without satisfaction of the Judgment. Finally, the Debtor contends that he is solvent and has sufficient assets (exclusive of the Property) to satisfy the Judgment.

As to the relief sought in the Motion, the Debtor asserted that the automatic stay of 11 U.S.C. § 362(a) applies to a levy on the Property. The Debtor acknowledged that the Property is not property of the Debtor or property of the bankruptcy estate. The Debtor contended, however, that a levy by Movant on the Property to satisfy the Judgment would violate 11 U.S.C. §§ 362(a)(1), (2), and (6). In essence, the Debtor contended that the automatic stay applies to actions against the Debtor or actions to collect claims against the Debtor. As Movant's desire to levy on the Property constitutes an attempt to collect a prepetition Judgment against the Debtor, the Debtor asserted that the automatic stay of subsections 362(a)(1), (2), and (6) each applies to prevent such action.

The Debtor also explained that lifting the stay to permit a levy on the Property would result in significant and substantial harm not only to MSCG, but to the Debtor's employment with the entity and his ability to successfully reorganize in this case. The Debtor asserted that levying on the Property would a cause significant disruption to the operating medical practice conducted by

MSCG on the Property. Further, the Debtor contended that, as his medical practice with MSCG constitutes a major source of his income, levying on the Property would jeopardize his ability to earn income and thus to reorganize.

Counsel for Signature Bank and MSCG then explained her efforts to negotiate a settlement with Movant, the title insurance company, and the Debtor regarding the lien arising from the Judgment and FiFa.[8] She also outlined various consequences that would result if the stay were lifted to permit Movant to levy on the Property. First, she argued that the levying process Movant seeks to employ would not be permissible in these circumstances, but rather that a judicial foreclosure would be required. In such an action, she asserted, Movant would have to name the Debtor as a necessary party, which would in turn undoubtedly implicate the automatic stay of Section 362(a). She also contended that, if the parties were unable to reach a settlement and Movant levied upon the Property, more state court litigation would commence, including the filing of a breach of warranty action against the Debtor for his warranties contained in the deed to MSCG.[9] She explained that such a claim could result in a significant judgment against the Debtor, which would in turn affect property of the bankruptcy estate and the successful administration of this case.

Finally, counsel for Signature Bank and MSCG also explained the negative impact stay relief would have on MSCG. She asserted that because the Property is only a portion of a larger medical facility, levy on the Property would disrupt day-to-day operations within MSCG's medical facility. She further contended that merely advertising a levy of the Property would significantly

---

[8] The Court has entered an order authorizing mediation regarding this dispute. *See* Docket No. 56.

[9] Such action would no doubt be stayed pursuant to 11 U.S.C. § 362(a), and would more likely result in the filing of such claims in this case.

6

affect MSCG's donor base and its ability to fundraise. Finally, she stated that levying on the Property may cause the Property's mortgage lender to declare a default on the security deed, further impeding MSCG's operations at its facility.

## LEGAL ANALYSIS[10]

The threshold issue in this matter is whether a levy on the Property is prohibited by the automatic stay of 11 U.S.C. 362(a). If the stay does not apply to protect the Property from a levy, then Movant is free to pursue that remedy, and the Court need not address any of Movant's other arguments. If, however, the stay does apply to a levy on the Property, then Movant's request for stay relief must be addressed.

Upon the filing of a voluntary petition, Section 362(a) operates a stay as to certain collection activities, including, *inter alia*:

> (1) the commencement or continuation . . . of . . . [an] action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
>
> (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title; . . .
>
> (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;

11 U.S.C. § 362(a). The automatic stay of Section 362 is one of the most fundamental protections offered by the Bankruptcy Code. It remains in effect through the pendency of a bankruptcy case, and "afford[s] the debtor a breathing spell by stopping all collection efforts." *In re Harchar*, 393 B.R. 160, 167 (Bankr. N.D. Ohio 2008).

---

[10] The Court has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1334 and 157(a), and this proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(G).

The parties do not dispute that the Property is not property of the Debtor or property of the bankruptcy estate under 11 U.S.C. § 541, as the Property was sold by the Debtor to MSCG prior to the Petition Date.[11]  However, a dispute does exist as to whether, despite the fact that the Property is not property of the Debtor or of his bankruptcy estate, a levy on the Property to satisfy the Judgement is prohibited by the automatic stay of Section 362(a).  As noted *supra*, Movant contends that because the Property is not property of the estate or property of the Debtor, the automatic stay does not apply to prevent a levy on the Property.  Conversely, the Debtor argues that even though the Property is not his property or property of the estate, any action by Movant to execute on the prepetition Judgment violates subsections (a)(1), (2),[12] or (6) of Section 362.

As noted above, Section 362(a)(1) stays "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor . . . or to recover a claim against the debtor that arose before the commencement of the case . . ." 11 U.S.C. § 362(a)(1). Section 362(a)(6) stays "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. § 362(a)(6).

The central issue in deciding whether the stay applies to the proposed levy is what the phrase "against the debtor," used twice in Section 362(a)(1) and once in 362(a)(6), modifies.  For example, in the first half of Section 362(a)(1), does the phrase "against the debtor" modify both

---

[11] For context only, the assertions at the Hearing were that the Property was sold for approximately $2.4 million, that an approximately $1.8 million existing loan secured by the Property was paid off, and that the new loan with Signature Bank for over $2 million was put in place at that time.  If true, these facts demonstrate that the sale was for value (i.e. not simply a quitclaim to MSCG) and that the Debtor likely realized material cash proceeds from the sale.  None of these asserted facts are material to the analysis in this Order.

[12] Section 362(a)(2) is clearly inapplicable under these circumstances by its own plain terms, i.e., levy and execution on a prepetition Judgment against non-Debtor and non-estate property.  *See also* 3 *Collier on Bankruptcy* ¶ 362.03[4] (16th ed. 2018)("Also stayed [by Section 362(a)(2)] are levy and execution, pursuant to a prepetition judgment, against the property of the estate and against property of the debtor.").

"commencement or continuation" and "judicial, administrative, or other action or proceeding," or does it modify only "judicial, administrative, or other action or proceeding?" If it is the former, then to violate the provision the action has to involve an action or proceeding that is against the Debtor, and has to involve the commencement or continuation of that action against the Debtor. If it is the latter, then any continuation of an action that is against the Debtor (even if only commenced or continued against others not in bankruptcy) would be stayed. Similarly, in Section 362(a)(6), does "against the debtor" modify both "act to collect, assess or recover" and "claim," or does it just modify "claim?" If it is the former, then only an act against the Debtor to collect on a claim against the Debtor is stayed, where if it is only the latter, then any act to "collect, assess or recover" on a claim against the Debtor is stayed.

It is not at all apparent from the statutory language which of these readings was intended by Congress. This issue has, however, been addressed by other courts. In that regard, "[t]he automatic stay of 11 U.S.C. § 362(a) protects only the debtor, property of the debtor, and property of the estate. It does not protect non-debtor parties or their property." *In re Advanced Ribbons and Office Products, Inc.*, 125 B.R. 259, 263 (9th Cir. BAP 1991). As to Section 362(a)(1), "[t]his provision has traditionally been interpreted to include only formal legal proceedings against the debtor, and not litigation that collaterally affects the debtor." *In re Log, LLC*, 2010 WL 4774347, at *2 (Bankr. M.D. N.C. Nov. 9, 2010); *see also In re Maib*, 2011 WL 1399073, at *5 (Bankr. E.D. Tenn. April 12, 2011)(explaining that the stay of Section 362(a) applies only to "actions against debtors, their property, or property of their bankruptcy estate . . ."). Rather, 11 U.S.C. § 362(a)(1), among other subsections of Section 362(a), serves to protect against *in personam* actions against a debtor. *In re Ludkowski*, 587 B.R. 330, 338 (Bankr. N.D. Ill. 2018)("Sections 362(a)(1), (2) and

9

(6) are clearly *in personam* protections afforded a debtor."). In fact, other than the co-debtor stay provided by 11 U.S.C. §§ 1201, 1301, "there exists no provision in 11 U.S.C. § 362 protecting non-debtors or their property." *In re Torrez*, 132 B.R. 924, 938 (Bankr. E.D. Ca. 1991).

With regard to Section 362(a)(6), the Debtor, rather than property of the Debtor or property of the estate, is the person the provision is designed to protect. *See Divane v. A and C Elec. Co., Inc.*, 193 B.R. 856, 860 (N.D. Ill. 1996); *see also In re Harchar*, 393 B.R. at 183 (noting that the stay Section 362(a)(6) "protects the debtor, individually."). The purpose of Section 362(a)(6) is to prevent creditors "from employing pressure tactics or coercion in attempting to collect prepetition debts." *Divane v. A and C Elec. Co., Inc.*, 193 B.R. at 860. Accordingly, courts construing the application of Section 362(a)(6) "focus on the creditor's actions[ ] to determine both whether those actions are aimed at collecting prepetition debt and whether they also amount to harassment or coercion." *Id*. at 861.[13]

Similar to the second portion of Section 362(a)(1), there is nothing in the language of Section 362(a)(6) to indicate "that the legislature intended the scope of 11 U.S.C. § 362(a)(6) to preclude creditors from acting against claims or enforcing rights to payment against non-debtors." *In re Torrez*, 132 B.R. at 944. Rather, "[t]he only interpretation of 11 U.S.C. § 362(a)(6) warranted is that it precludes acts to collect, assess, or recover a claim *against the debtor only*." *Id*. (emphasis added).

Here, Movant seeks to collect on its judgment lien against the Property, not against property of the Debtor or the bankruptcy estate.[14] As Movant argues, and the Debtor does not

---

[13] "The conduct prohibited [by Section 362(a)(6)] ranges from that of an informal nature, such as by telephone contact or by dunning letters, to more formal judicial and administrative proceedings that are also stayed under subsection (a)(1)." *See* 3 *Collier on Bankruptcy* ¶ 362.03[8][a] (16th ed. 2018).

10

dispute, the recording of the FiFa at the time the Property was owned by the Debtor resulted in Movant obtaining a judgment lien against the Property.[15] Although the Property is no longer owned by the Debtor, Movant's judgment lien remained on the Property upon the transfer of the Property from the Debtor to MSCG. Levy and execution on the Property to satisfy the Judgment does not constitute an *in personam* action against the Debtor; rather, levy on the Property constitutes an *in rem* proceeding against property that is not protected by the automatic stay of Section 362(a)(1) or (6). A levy on the Property is not an attempt to institute a proceeding to recover a claim *against the Debtor*, or to assess, collect, or recover a claim *against the Debtor*. Rather, such an action is merely an attempt to collect a claim against the Property.

*In re Everchanged*, *supra*, is instructive with regard to Sections 362(a)(1) and (6) and the distinction between *in personam* actions against a debtor and *in rem* actions against non-debtor and non-estate property. In *Everchanged*, the subject real property was conveyed by the debtor corporation to a third-party entity prepetition; however, the debtor remained liable on the underlying loan. *Everchanged*, 230 B.R. at 893. Upon the debtor's default on the loan, the mortgage holder foreclosed on the property. *Id.* The debtor sought to set aside the foreclosure sale under 11 U.S.C. § 362(a)(1) and (6), arguing that those provisions protected the debtor against

---

[14] Although it is true that the underlying claim upon which the Judgment rests was entered against the Debtor, when Movant recorded its FiFa which attached to the Property, the Property itself also became subject to the Judgment and Movant's underlying claim. The Debtor is correct in that Movant, by virtue of the Judgment, holds a claim against the Debtor; in fact, it has filed a proof of claim to that effect. *See* Claims Registry, Claim No. 6. Additionally, Movant also holds a claim, pursuant to the FiFa and resulting judgment lien, against the Property, which is distinct from the *in personam* liability the Debtor has on the Judgment. Pursuant to O.C.G.A. § 9-12-86(b), a judgment lien attaches to real property when "the judgment, decree, order, or writ of fieri facias is recorded in the office of the clerk of the superior court of the county in which the real property is located and is entered in the indexes to the applicable records in the office of the clerk." O.C.G.A. § 9-12-86(b). Here, the FiFa was recorded at a time when the Debtor owned the Property, which resulted in the creation of a judgment lien against the Property. Thus, even though the Property was subsequently transferred to MSCG, the judgment lien still remained on the Property and has not, according to the parties, been satisfied.

[15] *See* O.C.G.A. § 9-12-86(b).

the foreclosure because it could be subject to a deficiency judgment if the foreclosure price failed to pay the mortgage loan in full. *Id*. at 894. The court, in rejecting this argument, held that Sections 362(a)(1) and (6) prohibit only *in personam* actions against the debtor, but do not prevent an *in rem* foreclosure on non-estate property, as *in rem* actions against estate property fall under the broad provisions of Section 362(a)(3), (4), and (5). *Id*. The court caveated this holding by excluding from it a mortgage holder's attempt to obtain and enforce a deficiency judgment, which would constitute an *in personam* action against the debtor prohibited by Section 362(a). *Id*. at 894-95 ("[W]hile an attempt to collect a deficiency violates the stay, the act of foreclosing against property outside of the bankruptcy estate does not. If the creditor elects not to pursue a deficiency, or if none exists there will never be an *in personam* action against the Debtor and Section 362(a)(1) and (6) is not implicated.").

Similar to the foreclosure in *Everchanged*, a levy upon the Property constitutes an *in rem* action against the Property itself, and not an *in personam* action against the Debtor. Despite the fact that the Debtor is personally liable on the underlying claim, the FiFa and resulting judgment lien attached to the Property, such that a levy on the Property to execute on the Judgment does not constitute a proceeding to recover the underlying claim against the Debtor personally, or an act to collect, asses, or recover a claim against the Debtor personally. Instead, Movant seeks to enforce a claim—the Judgment—against *the Property*, in which neither the Debtor nor his bankruptcy estate have an interest. Because an *in rem* action against non-Debtor and non-estate property does not constitute an attempt to collect on the Judgment from the Debtor personally, it does not

implicate the automatic stay of Section 362(a)(1) or (6).[16]

## CONCLUSION

Upon consideration of the Motion and statements made by the parties at the Hearing, and for the reasons set forth above, the automatic stay of Section 362(a) does not apply to a levy upon the Property. Accordingly, it is hereby

**ORDERED** that the Motion is **GRANTED** to the extent provided for herein. Movant may institute levy proceedings against the Property. And it is further

**ORDERED** that Movant shall not pursue any deficiency action, to the extent one arises after levy and execution on the Property, against the Debtor regarding the Judgment without further order of this Court. It is further

**ORDERED** that the foregoing does not permit Movant to take actions other than those related to a levy on the Property including, without limitation, the filing of a judicial foreclosure should one be required in these circumstances, because (i) that relief was not requested by Movant, and (ii) that relief may implicate the automatic stay in ways that a levy on the Property would not.

---

[16] This Court may have the ability to enjoin a levy on the Property pursuant to its equitable powers under 11 U.S.C. § 105. *See In re Ionosphere Clubs, Inc.*, 111 B.R. 423, 434 (Bankr. S.D. N.Y. 1990)(explaining that courts, in an effort to honor the policy considerations of the scope of the automatic stay, have the power to extend the stay to prohibit legal actions by creditors against non-debtor parties under Section 105); *In re Friedman's, Inc.*, 336 B.R. 896, 897 (Bankr. S.D. Ga. 2005)("It is well established that although the provisions of the automatic stay of 11 U.S.C. § 362 are not unlimited in scope, the Bankruptcy Court may, in certain circumstances, enjoin or issue a stay of proceedings against a non-bankrupt third party."). In fact, a court may enjoin an action against a non-debtor party pursuant to § 105 where "failure to enjoin would effect [sic] the bankruptcy estate and would adversely or detrimentally influence and pressure the debtor through the third party." *A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994, 1003 (4th Cir. 1986), *cert. denied*, 479 U.S. 876, 107 S.Ct. 251, 93 L.Ed.2d 177 (1986) (internal quotation and citation omitted). In addition, "the [c]ourt may issue or extend stays to enjoin a variety of proceedings. . . which will have an adverse impact on the Debtor's ability to formulate a Chapter 11 plan." *Id*. (quoting *Johns-Manville Corp. v. Asbestos Litigation Group* (*In re Johns-Manville Corp*.), 40 B.R. 219, 226 (S.D.N.Y. 1984)). Although the Debtor and counsel for Signature Bank contended at the Hearing that Movant's levy on the Property would harm the Debtor, his medical practice, and his ability to successfully reorganize in this case, the Debtor has not requested an injunction under § 105 to prevent a levy, and the Court will not provide such relief *sua sponte* and in the absence of admissible evidence to support such relief.

The Clerk is directed to serve copies of this Order upon Endover, counsel for Endover, the Debtor, counsel for the Debtor, MSCG, counsel for MSCG, and the Office of the United States Trustee.

**[END OF DOCUMENT]**